UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                                    CASE NO: 8:92-cr-369-T-26MAP

ERNEST CHERRY
                                                                    /

**O R D E R**

  Defendant's counsel has filed a motion for reconsideration of this Court's order of July 24, 2008, in which the Court denied Defendant a sentencing reduction pursuant to Amendment 706 of the United States Sentencing Guidelines because even if that amendment had been in effect at the time of Defendant's original sentencing it would not have lowered his sentencing guideline range in that he was subject to a statutory minimum mandatory term of 240 months of imprisonment. Counsel, even though recognizing this Court's previous denials of sentencing reductions for other defendants subject to a minimum mandatory sentence, nevertheless contends that Defendant's "case differs in that he raised an issue that his minimum mandatory sentence was actually invalid." Because the Court did not address this argument in its July 24th order, it will do so now.

  Counsel's argument is that Defendant's original sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) because the grand jury did not allege drug quantity in the indictment and the petit jury that convicted him made no finding with respect to the drug quantity which was attributable to him. Recognizing that Apprendi does not have retroactive effect,[1] counsel contends that a proceeding within the

---

[1] See McCoy v. United States, 266 F.2d 1245, 1258 (11th Cir. 2001) (holding "that the new constitutional rule of criminal procedure announced in *Apprendi* does not apply retroactively on collateral review.").

ambit of 18 U.S.C. § 3582(c) "renders the judgment no longer final for the limited purpose of imposing a reduced sentence." Although the Court appreciates counsel's argument, it is contrary to Eleventh Circuit precedent. In <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005), the Court held that a proceeding under § 3582 "only provides a district court with the discretion to reduce a sentence following the lowering of a sentencing range by the Sentencing Commission." The Court emphasized again, relying on <u>United States v. Bravo</u>, 203 F.3d 778, 781 (11th Cir. 2000), that "[A] sentencing adjustment undertaken pursuant to Section 3582(c) does not constitute a de novo sentencing[,]" and that "[A]ll original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." <u>Cf.</u> <u>United States v. White</u>, 251 Fed.Appx. 658, 659 (11th Cir. 2007) (determining that because <u>Apprendi</u> had not been decided when defendant was originally sentenced, and because <u>Apprendi</u> is not retroactively applicable to cases on collateral review, district court, in granting Government's motion for reduction of sentence under Rule 35(b) of the Federal Rules of Criminal Procedure, did not err in using defendant's original sentence as a starting point from which to reduce his sentence for substantial assistance).

Accordingly, for the reasons expressed, it is ordered and adjudged that Defendant's Motion for Reconsideration (Dkt. 209) is denied.

**DONE AND ORDERED** at Tampa, Florida, on July 31, 2008.

       s/*Richard A. Lazzara*
    **RICHARD A. LAZZARA**
    **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record